IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,287-01






EX PARTE JOSE GUADALUPE OCONAS, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 11,603 IN THE 115
TH DISTRICT COURT


FROM UPSHUR COUNTY





 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of indecency with
a child and sentenced to seven years' imprisonment. The Sixth Court of Appeals affirmed his
conviction. Oconas v. State, No. 06-98-00288-CR (Tex. App.-Texarkana, delivered July 2, 1999,
no pet.).

 Applicant contends that he has not received credit for the time he was confined on a pre-revocation warrant. Specifically, he contends that he was confined on a pre-revocation warrant from
March 2002 to December 2002, May 2003 to November 2003, and March 2004 to April 2004. 

 On April 12, 2006, we remanded the application for findings of fact and conclusions of law.
Based on an affidavit from TDCJ-Correctional Institutions Division, the trial court concluded on
remand that "TDCJ has made the appropriate adjustments and credits at this time. . . ." We believe,
however, that the record is not adequate to resolve applicant's claims. The trial court shall therefore
order an affidavit from TDCJ-Parole Division and an additional affidavit from TDCJ-Correctional 
Institutions Division. 

 Following receipt of the affidavits, the trial court shall make additional findings of fact and
conclusions of law as to whether applicant was confined on a pre-revocation warrant from March
2002 to December 2002 and from May 2003 to November 2003, and, if so, whether he has been
credited with such confinement. The trial court shall also make any other findings of fact and
conclusions of law that it deems relevant and appropriate to the disposition of applicant's claim for
habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 




Filed: September 20, 2006

Do not publish